Gregory K. Nelson, Esq., CSB No. 203029
Email: nelson@weeksnelson.com
Gregory N. Suhr, CSB No. 328967
Email: gsuhr@weeksnelson.com
WEEKS NELSON
16236 San Dieguito Rd., Ste. 5-23
Rancho Santa Fe, CA 92067
Telephone: (858) 794-2140
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Brixton LLC**, a California limited liability company, | Case No.: **'25CV1155 JLS SBC** |
| Plaintiff, | COMPLAINT FOR TRADEMARK INFRINGEMENT |
| vs. | DEMAND FOR JURY TRIAL |
| **Wooden Bay Co. LLC, d/b/a Bronxton**, a Utah limited liability company, | |
| Defendant. | |

Complaint

1

Plaintiff Brixton LLC (hereinafter referred to as "Plaintiff" or "Brixton") hereby complains against Defendant Wooden Bay Co. LLC dba Bronxton (hereinafter referred to as "Defendant" or "Bronxton") and alleges as follows:

## JURISDICTION AND VENUE

1. Subject matter jurisdiction is proper because this Court has federal question jurisdiction over the trademark infringement cause of action herein.

2. The Court has personal jurisdiction over Defendant because Defendant owns and operates a website that is nationally accessible through which it sells its products and on which it prominently displays the infringing mark, as explained more fully below. Through its website, Defendant offers its products for sale and sells its products to California residents and fulfills orders of its products to California addresses.

3. Venue is proper pursuant to 28 U.S.C. section 1391(b)(3).

## THE PARTIES

4. Plaintiff is a limited liability company organized and existing under the laws of the State of California, having its principal place of business in Oceanside, California.

5. Defendant is a limited liability company organized and existing under the laws of the State of Utah.

## FACTUAL BACKGROUND

6. Plaintiff is the owner of U.S. Trademark No. 6,497,912 for the below-displayed mark for use on: "Clothing, namely, shirts, T-shirts, tank tops, sweaters, sweatshirts, vests, jackets, coats, belts for clothing, pants, trousers, shorts, sweatpants, dresses, skirts, swimwear, board shorts, socks, and headwear, namely, hats, caps" (the '912 Mark). Plaintiff has used the '912 Mark in commerce since November 15, 2019. The U.S. Trademark Office registered the '912 Mark on July 13, 2021.

Complaint

7.  Plaintiff is the owner of U.S. Trademark No. 6,497,915 for the below-displayed mark for use on: "Clothing, namely, shirts, T-shirts, tank tops, sweaters, sweatshirts, vests, jackets, coats, belts for clothing, pants, trousers, shorts, sweatpants, dresses, skirts, swimwear, board shorts, socks, and headwear, namely, hats, caps" (the '915 Mark). Plaintiff has used the '915 Mark in commerce since November 15, 2019. The U.S. Trademark Office registered the '915 Mark on July 13, 2021.

8.  Plaintiff is the owner of U.S. Trademark No. 7,720,726 for the below-displayed shield logo for use on: "Backpacks; Briefcases; Satchels; Suitcases; Wallets; Athletic bags; Beach bags; Coin purses; Credit card cases; Credit card cases being wallets; Duffel bags; Fanny packs; Hat boxes for travel not of paper or cardboard; Key cases; Toiletry cases sold empty; Tote bags; Travel cases" (the '726 Mark). Plaintiff has used the '726 Mark in commerce since November 15, 2019. The U.S. Trademark Office registered the '726 Mark on March 11, 2025.



9. The '912, '915, and '726 Marks are hereafter collectively referred to as the Brixton Marks.

10. Plaintiff prominently displays the Brixton Marks on its website, social media accounts, promotional materials, and clothing, headwear, and bag and accessory products. Indeed, the Brixton uses the Brixton Marks as the company's main logo and has done so since at least November 2019. As such, the Brixton Marks have become a source identifier for a popular and well-respected clothing, headwear, and accessories brand.

11. Defendant operates the website https://www.bronxton.com. Through this website, Defendant sells clothing, headwear, and accessories. Defendant offers these products nationally through its website. It sells products to California residents and fulfills orders to California addresses.

12. When one visits Defendant's website and social media accounts, they are met with the below-displayed logo on prominent display (the "Infringing Mark").

**BRONXTON** ⊕

13. Defendant's use of the Infringing Mark infringes the Brixton Marks. Defendant uses "Bronxton," which is quite similar to "Brixton," uses a similar font as used in the Brixton Marks and uses a shield of the same shape as used in the Brixton Marks. Defendant uses the Infringing Mark to promote and sell goods of the same class of goods promoted and sold by Brixton using the Brixton Marks.

14. Defendant and Plaintiff also use the same marketing channels. Each party has a substantial social media following and each promotes their products via their social media accounts. Further, the parties have significant overlap in their target audience, as the clothing, headwear, and accessories sold by the parties are of a similar style and appeal to persons interested in that style.

15. Defendant has a history of copying Plaintiff. First, Defendant's decided to do business as "Bronxton," a name clearly meant to call to mind Plaintiff's "Brixton" brand. In 2022, Plaintiff had to send a demand letter to Defendant because Defendant had named one of its fleece hoodie products "Oceanside," which was the name Plaintiff had already been using for one of its fleece hoodie products. Defendant ceased using such name.

16. Plaintiff sent Defendant a second demand letter in February 2025 regarding the subject matter of this lawsuit. Defendant's counsel engaged Plaintiff's counsel briefly in response to the letter but has largely ignored any follow-ups.

17. Plaintiff has expended substantial sums of money and resources in the promotion of its company and products using the Brixton Marks. As a result of these promotional efforts, the Brixton Marks are now known to be connected with Plaintiff and recognized in this state and nationally as emanating from and authorized by Plaintiff. The Brixton Marks have become an asset of incalculable value as a symbol of Plaintiff's business and its quality products.

18. Plaintiff is informed and believes, and thereupon alleges, that Defendant's use of the Infringing Mark will erode Plaintiff's incalculable goodwill associated with the Brixton Marks.

19. Defendant, after receiving Plaintiff's demand letter referenced above, is on actual notice of Plaintiff's proprietary rights in the Brixton Marks. And, as mentioned above, Defendant has a history of copying Plaintiff. Consequently, Defendant's continued infringement is willful and wanton. Further, given the striking similarity between the Brixton Marks and the Infringing Mark, it is reasonable to conclude that Defendant's infringing conduct is willful.

20. Plaintiff is further informed and believes and thereupon alleges that the presence and use of the Infringing Mark in the marketplace damages the value of Plaintiff's exclusive right in the Brixton Marks. The presence and use of the Infringing Mark in the marketplace also diminishes the exclusivity of the Brixton

Marks, thereby dissuading potential customers who otherwise would have sought Plaintiff's products.

21. Upon information and belief, Plaintiff alleges that Defendant's infringing activities have misled and continue to mislead and confuse many customers to buy Defendant's products believing that they emanate from Plaintiff.

22. Plaintiff is informed and believes and thereupon alleges that Defendant's use of the Infringing Mark has and will result in lost sales, reduce the business and profit of Plaintiff, and will greatly injure the general reputation of Plaintiff, all to Plaintiff's damage in an amount not yet fully determined.

23. The exact amount of profits realized by Defendant as a result of its infringing activities, are presently unknown to Plaintiff, as is the exact amount of damages suffered by Plaintiff as a result of said activities. These profits and damages cannot be accurately ascertained without an accounting.

24. Further, Defendant's actions are irreparably injuring Plaintiff and will continue unless and until enjoined by this court.

## FIRST CAUSE OF ACTION

## Trademark Infringement Under 15 U.S.C. § 1114

25. The allegations above are realleged as though fully set forth herein.

26. Plaintiff owns the Brixton Marks, which confers upon Plaintiff the exclusive right to use the Brixton Marks in commerce in association with the identified goods. Plaintiff has continuously used the Brixton Marks on its website, social media accounts, promotional materials, and products since at least November 2019 and continues to use the Brixton Marks to the present. The Brixton Marks have become a distinct symbol of Plaintiff's company.

27. Defendant promotes and sells clothing, headwear, and accessories (the same classes of goods sold by Plaintiff) using the Infringing Mark. Defendant uses the Infringing Mark in the same marketing channels as Plaintiff uses the Brixton

Complaint

Marks. Defendants promotes and displays the Infringing Mark to the same audience as Plaintiff targets.

28. Plaintiff is informed and believes that the Defendant's use of the Infringing Mark has caused or is likely to cause confusion in the marketplace as to the source of origin of the Defendant's products and has caused damage to Plaintiff within this jurisdictional district.

29. Plaintiff is informed and believes, and thereupon alleges, that Defendant willfully infringed upon Plaintiff's exclusive rights to the Brixton Marks with the intent to trade upon the goodwill of Plaintiff and to injure Plaintiff.

30. Plaintiff has been damaged in this judicial district as a result of the Defendant's infringement of the Brixton Marks. Plaintiff is informed and believes, and thereupon alleges, that Defendant has derived, received, and will continue to derive and receive from the aforesaid acts of infringement, gains, profits, and advantages in an amount not yet ascertainable, but will be determined at the time of trial. Plaintiff seeks compensation in an amount equal to its lost profits or the Defendant's profits, as well as treble damages, all pursuant to 15 U.S.C. § 1117.

31. Plaintiff is informed and believes, and thereupon alleges, that Defendant will continue to infringe the Brixton Marks to the great and irreparable injury of Plaintiff, for which Plaintiff has no adequate remedy at law unless Defendant is enjoined by this court, as authorized by 15 U.S.C. § 1116.

WHEREFORE, Plaintiff prays as follows:

1. That Defendant be adjudicated to have infringed the Brixton Marks;

2. That Defendant, and its agents, servants, employees, and attorneys and all persons in active concert and participation with them, be enjoined from:

    A. Using any mark confusingly similar to the Brixton Marks;

    B. Committing any acts which may cause purchasers to believe that the Defendant or its products are sponsored or authorized by, or are in any way associated with Plaintiff; or

   C. Infringing Plaintiff's trademark rights.

  3. That Defendant be directed to file with this court and serve upon Plaintiff within 30 days after the service of the injunction, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

  4. That Defendant be required to account to Plaintiff for any and all profits derived by it, and all damages sustained by Plaintiff by reason of Defendant's trademark infringement as set forth herein, together with interest and costs;

  5. For damages for trademark infringement pursuant to 15 U.S.C. § 1117(a);

  6. For treble damages under 15 U.S.C. § 1117(b);

  7. For statutory damages under 15 U.S.C. § 1117(c);

  8. That an award of reasonable costs, expenses, and attorneys' fees be awarded against Defendant pursuant to 15 U.S.C. § 1117(a);

  9. That Defendant be ordered to compensate Plaintiff in an amount equal to the amount of marketing and advertising costs that Defendant has expended to market and advertise its products, so that Plaintiff may run its own marketing and advertising campaign to disassociate the products of Plaintiff and Defendant, mitigate the damage caused by the likelihood of confusion, and to recoup its lost market share or damages to its marketing and reputation; and

  10. That Plaintiff have such other and further relief as the circumstances of this case may require and as this court may deem just and proper.

DATED: May 7, 2025         WEEKS NELSON

                  */s/ Gregory K. Nelson*
                  GREGORY K. NELSON
                  Attorney for Plaintiff

Complaint

## JURY DEMAND

Plaintiff Brixton LLC hereby requests a trial by jury in this matter.

DATED:  May 7, 2025                                        WEEKS NELSON

                                                           */s/ Gregory K. Nelson*
                                                           GREGORY K. NELSON
                                                           Attorney for Plaintiff

Complaint