UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIXTON LLC, a California limited liability company,<br><br>         Plaintiff,<br><br>v.<br><br>WOODEN BAY CO. LLC, d/b/a BRONXTON, a Utah limited liability company,<br><br>         Defendant. | Case No.: 25-CV-1155 JLS (SBC)<br><br>**ORDER (1) DENYING MOTION TO DISMISS AND (2) GRANTING MOTION TO STRIKE**<br><br>(ECF No. 6) |

  Presently before the Court are Defendant Wooden Bay Co. LLC, d/b/a Bronxton's Motion to Dismiss and Strike Plaintiff's Complaint ("Mot.," ECF No. 6), Memorandum of Points and Authorities in Support of its Motion to Dismiss and Strike ("Mem.," ECF No. 6-1), and Request for Judicial Notice ("RJN," ECF No. 7). Also before the Court are Plaintiff Brixton LLC's Opposition to Motion to Dismiss and Opposition to Request for Judicial Notice ("Opp'n," ECF No. 9) and Defendant's Reply in Support its Motion to Dismiss and Strike ("Reply," ECF No. 10). For the reasons stated below, the Court **DENIES** the Motion to Dismiss and **GRANTS** the Motion to Strike.

/ / /

/ / /

# BACKGROUND

Plaintiff Brixton, LLC, a clothing brand specializing in the sale of hats, is the owner of three registered trademarks at issue: (1) U.S. Trademark No. 6,497,912 (the "'912 Mark") for use on: "[c]lothing, namely, shirts, T-shirts, tank tops, sweaters, sweatshirts, vests, jackets, coats, belts for clothing, pants, trousers, shorts, sweatpants, dresses, skirts, swimwear, board shorts, socks, and headwear, namely, hats, caps"; (2) U.S. Trademark No. 6,497,912 (the "'915 Mark") for use on "[c]lothing, namely, shirts, T-shirts, tank tops, sweaters, sweatshirts, vests, jackets, coats, belts for clothing, pants, trousers, shorts, sweatpants, dresses, skirts, swimwear, board shorts, socks, and headwear, namely, hats, caps"; and (3) U.S. Trademark No. 7,720,726 (the "'726 Mark") for use on "[b]ackpacks; Briefcases; Satchels; Suitcases; Wallets; Athletic bags; Beach bags; Coin purses; Credit card cases; Credit card cases being wallets; Duffel bags; Fanny packs; Hat boxes for travel not of paper or cardboard; Key cases; Toiletry cases sold empty; Tote bags; Travel cases" (collectively, the "Brixton Marks"). Compl. ¶¶ 6–9. Plaintiff has used the Brixton Marks in commerce since November 15, 2019, and the U.S. Trademark Office registered the Marks on July 13, 2021 ('912 Mark, '915 Mark) and March 11, 2025 ('726 Mark). *Id.* ¶¶ 6–8. Plaintiff alleges that it "prominently displays" the Brixton Marks across its media, promotional materials, and goods, and has used the Marks as its logo since at least November 2019. *Id.* ¶ 10. The Brixton Marks have thus "become a source identifier" for the brand. *Id.*

Plaintiff alleges that Defendant Wooden Bay Co. LLC, doing business as "Bronxton," a clothing brand that primarily sells men's luxury goods, prominently displays the allegedly infringing mark (the "Bronxton Mark") as its logo on its website. *Id.* ¶ 12. Plaintiff alleges that the Bronxton Mark "uses a similar font as used in the Brixton Marks," "uses a shield of the same shape as used in the Brixton Marks," and uses the Bronxton Mark "to promote and sell goods of the same class of goods promoted and sold by Brixton using the Brixton Marks." *Id.* ¶ 13.

/ / /

On May 7, 2025, Plaintiff filed this action for trademark infringement against Defendant over its alleged infringement of the Brixton Marks. *Id.* ¶ 13. Defendant thereafter filed a Motion to Dismiss and Strike Plaintiff's Complaint. *See generally* Docket.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted." To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id*. (quoting *Twombly*, 550 U.S. at 557).

Though this plausibility standard "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (quoting *Twombly*, 550 U.S. at 555). In other words, a complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (alteration in original) (quoting *Twombly*, 550 U.S. at 557). Put differently, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Review under Rule 12(b)(6) requires a context-specific analysis involving the Court's "judicial experience and common sense." *Iqbal*, 556 U.S. at 679. In performing that analysis, "a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff." *Wi-LAN Inc. v. LG Elecs., Inc.*, 382 F. Supp. 3d 1012, 1020 (S.D. Cal. 2019). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (second alternation in original).  If a complaint does not survive Rule 12(b)(6), a court grants leave to amend unless it determines that no modified contention "consistent with the challenged pleading could . . . possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

## ANALYSIS

### I.   Judicial Notice

Defendant requests judicial notice of documents to demonstrate, by way of evidence of other registered trademarks depicting a shield design, the relative weakness of the Brixton Marks.  *See* RJN; Mem. at 6.  Such a request is improper because the strength of the Brixton Marks is in dispute, and a court may only take judicial notice of facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b); *see also Pinterest Inc. v. Pintrips Inc.*, 15 F. Supp. 3d 992, 997 (N.D. Cal. 2014) (denying request for judicial notice of documents to show genericness of mark); *Zero Motorcycles, Inc. v. Zero Labs Grp., LLC*, No. 22-CV-04034-SVK, 2023 WL 3237505, at *3 (N.D. Cal. May 3, 2023) ("In the context of the present motion to dismiss, judicial notice of the USPTO documents is not appropriate because the fact for which Defendant offers them—to prove that Plaintiff's trademarks are weak—is disputed.").  Accordingly, the Court **DENIES** Defendant's Request for Judicial Notice.

### II.  Motion to Dismiss

Defendant seeks to dismiss Plaintiff's claim for trademark infringement for failing to allege facts that support a likelihood of confusion.  Mem. at 4.  To state a claim for trademark infringement, a plaintiff must show that "(1) it has a valid, protectable trademark, and (2) that [the defendant]'s use of the mark is likely to cause confusion." *Applied Info. Scis. Corp. v. eBAY, Inc.*, 511 F.3d 966, 969 (9th Cir. 2007) (citing *Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1053 (9th Cir. 1999)).  "The core element of trademark infringement is the likelihood of confusion, i.e., whether the similarity of the marks is likely to confuse customers about the source of the products."

*Off. Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1391 (9th Cir. 1993) (quoting *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1290 (9th Cir. 1992)).  Courts in the Ninth Circuit evaluate the likelihood of confusion using the eight factors set out in *AMF Inc. v. Sleekcraft Boats*: (1) the strength of the mark; (2) the proximity of the goods; (3) the similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) defendant's intent in selecting its mark; and (8) likelihood of expansion into other markets.  599 F.2d 341, 348 (9th Cir. 1979), *abrogated by Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792 (9th Cir. 2003).  The *Sleekcraft* factors should be applied flexibly, with some factors carrying more weight than others depending on the case. *Apple Inc. v. Samsung Elecs. Co.*, 768 F. Supp. 2d 1040, 1045 (N.D. Cal. 2011) (first citing *Brookfield*, 174 F.3d at 1054; and then citing *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1045 (9th Cir. 2011)).

"'Because a careful assessment of the pertinent factors that go into determining likelihood of confusion usually requires a full record,' dismissal of trademark disputes at the pleading stage is generally disfavored." *Trader Joe's Co. v. Trader Joe's United*, 150 F.4th 1040, 1049 (9th Cir. 2025) (quoting *Yuga Labs, Inc. v. Ripps*, 144 F.4th 1137, 1167 (9th Cir. 2025)) (cleaned up); *see also Celebrity Chefs Tour, LLC v. Macy's, Inc.*, 16 F. Supp. 3d 1141, 1153 (S.D. Cal. 2014) (noting that whether confusion is likely is a factual determination "woven into the law" that courts routinely treat as an issue of fact for a jury to consider (quoting *Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352, 1356, 1356 n.5 (9th Cir. 1985))).  A defendant thus "faces a significant challenge to show that the non-existence of such a likelihood can be determined as a matter of law at the pleading stage." *Benchmark Cap. Holdings Co., LLC v. Benchmark Co., LLC*, No. C 11-4883 RS, 2012 WL 13041640, at *4 (N.D. Cal. Jan. 3, 2012).

The Court finds that Plaintiff has alleged sufficient facts to show a likelihood of confusion.  Plaintiff alleges it has "expended substantial sums of money and resources in the promotion of its . . . products using the Brixton Marks," and thus, the Brixton Marks

"are now known to be connected with Plaintiff" and "have become an asset of incalculable value as a symbol of Plaintiff's business and its quality products." Compl. ¶ 17. The Brixton Marks and the Bronxton Mark "use[] a similar font . . . and use[] a shield of the same shape," and are used "to promote and sell goods of the same class of goods . . . ." *Id.* ¶ 14. The Parties both have "a substantial social media following," which they use to promote their products, and "have significant overlap in their target audience as the clothing, headwear, and accessories sold by the [P]arties are of a similar style and appeal to persons interested in that style." *Id.* Plaintiff further alleges that Defendant "has a history of copying Plaintiff," and "willfully infringed upon Plaintiff's exclusive rights to the Brixton Marks with the intent to trade upon the goodwill of Plaintiff . . . ." *Id.* ¶¶ 15, 29. These facts tend to show a likelihood of confusion and therefore plausibly support Plaintiff's claim for trademark infringement.

      Defendant's arguments otherwise are unavailing. Somewhat confusingly, Defendant spends part of its Motion discussing the "Brixton" and "Bronxton" wordmarks—rather than the Brixton Marks at issue—arguing that the two marks have "coexisted . . . for over a decade in a saturated market without any evidence of consumer confusion." Mem. at 4–12. In attacking the strength of the Brixton Marks, Defendant relies on other marks using a shield design, which, as already discussed, is improper at this stage. *See id.* at 6; Opp'n at 5.

      Defendant further argues that "there are no demonstrated instances of confusion even when the products were sold in the exact same stores," and, thus, the proximity of the goods weighs against confusion. *Id.* at 7. True, Plaintiff does not point to any instances of actual confusion. *See* Compl. However, evidence of actual confusion is not required to survive the motion to dismiss stage. *See Good Clean Love, Inc. v. Audacious Beauty, LLC*, No. 6:24-CV-00444-MC, 2024 WL 4529028, *6 (D. Or. Oct. 17, 2024). And the Court finds Plaintiff's allegations that the Parties "sell the same class of goods . . . to the same target audience" sufficient to show the proximity of the goods. Opp'n at 3; Compl. ¶¶ 11–14. As to the similarity of the marks, Defendant argues that there is no likelihood of

confusion because USPTO "has already considered the literal elements of the 'Bronxton' and 'Brixton' marks and allowed the registration of both trademarks on the principal register." Mem. at 9.  Defendant makes this assertion without pointing to any authority suggesting that the fact of two marks' registrations negates similarity and, therefore, confusion.

Rather than point to any meaningful deficiencies in Plaintiff's Complaint, Defendant attempts to argue that, as a matter of law, there is no likelihood of confusion between the Brixton Marks and the Bronxton Mark, without a complete factual record before the Court. *See generally* Mem; *see also Trader Joe's Co*, 150 F.4th at 1049 ("Because a careful assessment of the pertinent factors that go into determining likelihood of confusion usually requires a full record, dismissal of trademark disputes at the pleading stage is generally disfavored." (internal quotation marks and citation omitted)).  Therefore, Defendant has failed to demonstrate dismissal is warranted under Rule 12(b)(6).  Accordingly, the Court finds that Plaintiff has plausibly alleged a claim for trademark infringement and **DENIES** Defendant's Motion to Dismiss.

### III.  Motion to Strike

Defendant seeks to strike Plaintiff's request for statutory damages under 15 U.S.C. § 1117(c). Mem. at 13; *see* Compl. at 8.  Plaintiff does not oppose Defendant's Motion to Strike.  Opp'n at 1.  Accordingly, the Court **GRANTS** Defendant's Motion to Strike.

### CONCLUSION

In light of the foregoing, the Court **DENIES** Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 6) and **GRANTS** Defendant's Motion to Strike Plaintiff's request for statutory damages (ECF No. 6).

**IT IS SO ORDERED.**

Dated:  January 15, 2026

Hon. Janis L. Sammartino
United States District Judge